UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN ELLIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| KATHLEEN DENNEHY, ) | District Court Docket No. |
| LOIS RUSSO, ) | 05-CV-11221-NG |
| THE COMMONWEALTH OF MASSACHUSETTS ) | |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND

### NATURE OF THE ACTION

1.  This introductory paragraph, entitled nature of the action, contains conclusions of law and thus does not require a response. To the extent that this paragraph contains allegations which require a response, the allegations are denied.

### JURISDICTION AND VENUE

2.  This paragraph, entitled jurisdiction, contains conclusions of law and thus does not require a response. To the extent that this paragraph contains allegations which require a response, the allegations are denied.

3.  This paragraph, entitled venue, contains conclusions of law and thus does not require a response. To the extent that this paragraph contains allegations which require a response, the

allegations are denied.

## THE PARTIES

4. Admit.

5. Defendants admit that Kathleen Dennehy is the Commissioner and deny the remaining allegation contained within this paragraph.

6. Defendants admit that Lois Russo is the Superintendent at the Souza Baranowski Correction Center and deny the remaining allegation contained within this paragraph.

## FACTUAL ALLEGATIONS

7. Defendants deny the allegations contained within this paragraph.

8. Admit.

## THE NATION OF GODS AND EARTHS

9. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

10. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

11. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

12. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

13. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

14. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

15. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

16. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

17. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

18. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

19. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

20. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

21. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

22. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

23. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

24. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

25. Defendants are without sufficient information to admit or deny so much of the first sentence which states that the Nation is legally a religion. Answering further, defendants state

some members of the Nation of Gods and Earths, who are prison inmates and identify themselves as Five Percenters, have been involved in gang activities while incarcerated. Elaborating further, some Five Percenter inmates have participated in unlawful activities while incarcerated. <u>Long Term Administrative Segregation of Inmates v. Moore</u>, 174 F.3d 464, <u>cert</u>. <u>denied,</u> <u>Mickel v. Moore</u>, 528 U.S. 874, (1999).

<u>THE FIVE PERCENTER NEWSPAPER</u>

26.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

27.     Defendants admit to such much of this paragraph which states that the Five Percenter newspaper is published by the Allah Youth Center in Mecca (Harlem), NY but deny the remaining allegations contained within this paragraph.

<u>PLAINTIFF'S MEMBERSHIP IN THE NATION OF GODS AND EARTHS</u>

28.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph. Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic. <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct. 2113, 161 L.Ed.2d 1020, 1036 (2005).

29.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph. Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic. <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct. 2113, 161 L.Ed.2d 1020, 1036 (2005).

30.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph. Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic. <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct. 2113, 161

L.Ed.2d 1020, 1036 (2005).

31.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.  Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic.  <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct.  2113, 161 L.Ed.2d 1020, 1036 (2005).

32.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.  Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic.  <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct.  2113, 161 L.Ed.2d 1020, 1036 (2005).

33.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.  Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic.  <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct.  2113, 161 L.Ed.2d 1020, 1036 (2005).

34.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.  Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic.  <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct.  2113, 161 L.Ed.2d 1020, 1036 (2005).

<u>STATEMENT OF FACTS</u>

35.     Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.  Defendants expressly reserve the right to question whether plaintiff's religiosity is authentic.  Thus, plaintiff's sincerity in his professed religiosity is open to inquiry by the defendants.  <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct.  2113, 161 L.Ed.2d 1020, 1036 (2005).

36. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

37. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

38. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

39. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

40. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

41. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

42. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

43. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

44. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

45. Defendants deny the allegations contained within this paragraph. Answering further, plaintiff offered no proof that a kosher diet is required by a member of his purported faith.

46. Defendants deny the allegations contained within this paragraph.

47. Defendants deny the allegations contained within this paragraph.

48. Defendants deny the allegations contained within this paragraph.

49.    Defendants deny the allegations contained within this paragraph. Answering further, plaintiff has no constitutional right, under state of federal law, <u>not</u> to be identified as a Security Threat Group ("STG") member.

50.    Defendants deny the allegations contained within this paragraph.

51.    Admit.

52.    Defendants deny the allegations contained within this paragraph.

53.    Defendants deny the allegations contained within this paragraph.

54.    Defendants deny the allegations contained within this paragraph.

55.    Defendants deny the allegations contained within this paragraph.

56.    Defendants deny the allegations contained within this paragraph.

57.    Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

58.    Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

59.    Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

60.    Defendants deny the allegations contained within this paragraph.

61.    Defendants deny the allegations contained within this paragraph.

62.    Defendants deny the allegations contained within this paragraph.

63.    Defendants deny the allegations contained within this paragraph.

64.    Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph. Answering further, defendants do not know who McGee is.

65.    Defendants deny the allegations contained within this paragraph.

66. Admit.

67. Defendants are without sufficient information to either admit or deny the allegations contained within this paragraph.

68. Defendants deny the allegations contained within this paragraph.

69. Defendants deny the allegations contained within this paragraph.

70. Defendants deny the allegations contained within this paragraph.

71. Defendants deny the allegations contained within this paragraph.

72. Defendants deny the allegations contained within this paragraph.

### FIRST CAUSE OF ACTION

73. Defendants deny the allegations contained within this paragraph.

74. Defendants deny the allegations contained within this paragraph.

75. Defendants deny the allegations contained within this paragraph.

### SECOND CAUSE OF ACTION

76. Defendants deny the allegations contained within this paragraph.

77. Defendants deny the allegations contained within this paragraph.

78. Defendants deny the allegations contained within this paragraph.

### THIRD CAUSE OF ACTION

79. Defendants deny the allegations contained within this paragraph.

80. Defendants deny the allegations contained within this paragraph.

81. Defendants deny the allegations contained within this paragraph.

### FOURTH CAUSE OF ACTION

82. Defendants deny the allegations contained within this paragraph.

83. Defendants deny the allegations contained within this paragraph.

84.  Defendants deny the allegations contained within this paragraph.

## FIFTH CAUSE OF ACTION

85.  Defendants deny the allegations contained within this paragraph.

86.  Defendants deny the allegations contained within this paragraph.

87.  Defendants deny the allegations contained within this paragraph.

## PRAY (sic) FOR RELIEF

Defendants deny that plaintiff is entitled to any equitable, injunctive or declaratory relief or to the awarding of any monetary damages to the extent that paragraphs (a) through (d) make claim for such relief.

## **AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 8, the defendants assert the following affirmative defenses.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted and therefore must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The defendants are absolutely and qualifiedly immune from liability for damages for any alleged violations of plaintiff's civil rights under state or federal law because the conduct of the defendants at all times was in good faith, without malice and not in disregard of settled principles of law.

## THIRD DEFENSE

By his own acts and omissions, plaintiff has waived any claims that he may have had against the defendants for any of the matters asserted in the complaint.

## FOURTH DEFENSE

By his own acts or omissions, plaintiff is estopped from raising any of the claims he might have had against the defendants for any of the matters asserted in the complaint.

## FIFTH DEFENSE

The defendants are not responsible for any injury suffered by the plaintiff if, in fact, any injury has occurred.

## SIXTH DEFENSE

The plaintiff, through his own acts or omissions, is responsible for any injury suffered by him if any injury has actually occurred.

## SEVENTH DEFENSE

Insofar as any of the defendants are named in their official capacity, the suit is barred by sovereign immunity.

## EIGHTH DEFENSE

The activities complained of by the plaintiff do not rise to the level of a constitutional deprivation under 42 U.S.C. § 1983 and, therefore, this court lacks jurisdiction as to all civil rights counts asserted against the defendants.

## NINTH DEFENSE

The complaint fails to state a cause of action against the defendants because the defendants acted reasonably and within their official discretion and with the good faith belief that their actions were lawful and proper.

### TENTH DEFENSE

The defendants are not liable for damages because any conduct by them, in connection with the matters alleged in the complaint, were discretionary, within the scope of their official authority and performed in good faith.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, P.L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e. Specifically, plaintiff has failed to exhaust his administrative remedies before filing this civil action. 42 U.S.C. § 1977(e)(a). Also, plaintiff cannot recover damages for emotional harm suffered absent physical injury. 42 U.S.C. § 1977(e)(e).

### TWELFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or by the doctrine of laches.

### THIRTEENTH DEFENSE

If plaintiff suffered any injury or other damage, these were caused by plaintiff's own conduct and acts or the conduct or acts of third parties for which the defendants are not legally responsible.

### FOURTEENTH DEFENSE

The defendants deny that the plaintiff is entitled to judgment or the relief requested in his complaint.

### FIFTEENTH DEFENSE

Plaintiff's recovery for pain and suffering, embarrassment and other items of general damages, if any, is limited pursuant to G.L. c. 231, § 60H.

<u>SIXTEENTH DEFENSE</u>

The Commonwealth of Massachusetts, a named defendant in this proceeding, is immune from suit.

<u>SEVENTEENTH DEFENSE</u>

Defendants challenge the constitutionality of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.S. § 2000cc-1(a)(1)-(2).

<u>EIGHTEENTH DEFENSE</u>

The complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of process.

<u>NINETEENTH DEFENSE</u>

Plaintiff does not have a sincere religious belief to which his First Amendment right to freely practice his purported faith would attach.

**<u>JURY DEMAND</u>**

DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: July 15, 2005         /s/ Joan T. Kennedy_____
Joan T. Kennedy, Counsel
BBO#554935
Legal Division
Department of Correction
70 Franklin Street, Suite #600
Boston, MA 02110-1300
Tel. (617) 727-3300, Ext. 160

13

CERTIFICATE OF SERVICE

    I, Joan T. Kennedy, counsel for the defendants hereby certify that on this day I served a copy of the foregoing document to plaintiff's counsel, Valierano Diviacchi, Esq., by electronic filing of same and via first class mail, postage prepaid, to him at: Diviacchi Law Office, 59 Temple Place, Suite #507, Boston, MA 02111-1307.

Dated: July 15, 2005                        /s/ Joan T. Kennedy
                                              Joan T. Kennedy