UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

_____
)
SEAN ELLIS,                              )
                                         )
            Plaintiff                    )
                                         )
v.                                       )
                                         )
KATHLEEN DENNEHY,                        )        District Court Docket No.
LOIS RUSSO,                              )        05-CV-11221-NG
THE COMMONWEALTH OF MASSACHUSETTS)
DEPARTMENT OF CORRECTION,                )
                                         )
            Defendants.                  )
_____)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND REQUEST FOR AN IMMEDIATE HEARING

Defendants OPPOSE plaintiff's motion for a preliminary injunction and request for an immediate hearing.  Plaintiff seeks this immediate hearing to determine whether or not his client must be permitted by prison officials to access the Nation of Gods and Earths sundry publications, including:  the 120 Degrees, The Supreme Alphabet, the Supreme Mathematics and the monthly newspaper, The Five Percenter.

### THE PARTIES AND STATEMENT OF THE CASE

Plaintiff, Sean Ellis, is an inmate presently incarcerated at the Souza Baranowski Correctional Center ("SBCC"), a level six maximum security prison located in Shirley, Massachusetts.   The defendants are Commissioner of Correction Kathleen Dennehy and SBCC Superintendent Lois Russo.  In sum, plaintiff seeks declaratory and injunctive relief for his claim

1

that defendants have substantially interfered with plaintiff's right to practice his Nation of Gods and Earths faith, in which he claims to have a sincere belief, in violation of 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, the Massachusetts State Constitution and the Religious Land Use and Institutionalized Persons Act of 2000.

<u>ARGUMENT</u>

The criteria for determining whether to grant a preliminary injunction are: (1) the threat of irreparable harm if the injunction is not issued; (2) the balance of hardships involved to both parties; (3) the public interest; and (4) the likelihood of success on the merits. <u>See</u> <u>Planned Parenthood League of Massachusetts v. Bellotti</u>, 641 F.2d 1006, 1009 (1st Cir. 1981).   In addition, a prerequisite to any form of equitable relief is the absence of an adequate remedy at law.   <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500 (1950). <u>All</u> of these elements must be decided in plaintiff's favor if he is to obtain the injunctive relief which he seeks.

Applying this rubric to the facts at hand and addressing the first factor, (1) the threat of irreparable harm, plaintiff will not suffer irreparable harm.  Plaintiff can practice his NGE faith by reading the Qu'ran and Bible for relevant lessons and teachings as plaintiff's own religious expert, Ted Swedenburg, attests is part of the NGE practice, in his affidavit.  See <u>Ted Swedenburg Affidavit</u> at ¶¶ 12, 24, **Exhibit A**.  Both texts, the Qu'ran and Bible are readily available to Sean Ellis at SBCC which he can easily request from the Protestant Chaplain and the Muslim Chaplain/Imam.

Also, defendants dispute whether the plaintiff 's request for the sundry publications, from the Allah Youth Center in Mecca, is based upon a sincere religious belief.  The plaintiff claims to have a sincere interest and belief in the faith of the Nation of Gods and Earths ("NGE"), of which he claims to have been a member since August of 1999. <u>Verified Complaint</u>, ¶¶ 28-30,

35.  Motion for Preliminary Injunction[1], third paragraph at page 5.  Whereas plaintiff's Verified Complaint avers that his belief in the NGE is sincere, defendants have the right to challenge this assertion before reaching the immediate hearing stage that plaintiff seeks.

Simply stated:  The First Amendment protects only those beliefs that are sincere.  The United States Supreme Court has set forth two requirements which must be met before a person's beliefs are entitled to First Amendment protection: (1) the beliefs must be sincerely held, and (2) the beliefs must be, in the claimants scheme of things, religious in nature.  United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965)(involving a conscientious objection to military service on the basis of religious training and belief).

In Seeger, supra, considering eligibility for conscientious objection to military service, the Court defined "religion" by comparing less traditional belief systems to faiths clearly within the scope of the First Amendment.  Thus: "[w]hile the applicant's words may differ, the test is simple of application.  It is essentially an objective one, namely, does the claimed belief occupy the same place in the life of the objector as an orthodox belief in God holds in the life of one clearly qualified for exemption?  Seeger, 380 U.S. at 184, 85 S.Ct. at 863.  Further, it is proper for courts to inquire as to whether a belief system is a religion for purposes of the First Amendment because failing to do so would "allow every person to make his own standards on matters of conduct which as a whole has important interests undercutting the 'very concept of ordered liberty'. " Wisconsin v. Yoder, 406 U.S. 205 (1972).  Accordingly, a finding would have to be made that the NGE faith /way of life is indeed a religion.

If plaintiff' has been a purported member of the NGE faith/way of life since August, 1999, then it should an elemental endeavor for him to answer some questions about the breadth

_____

[1] Plaintiff's Motion for a Preliminary Injunction contains unnumbered paragraphs.

of knowledge of his NGE faith and his sincerity of belief in it at a deposition which can be expressly limited to this very germane topic.  It is for this reason that defendants attach their proposed <u>Order</u> permitting them to depose the plaintiff with regard to the sincerity of his religious belief.  <u>See</u> <u>Order to Depose the Plaintiff, Sean Ellis</u> attached as **Exhibit B**.

On May 31, 2005, the Supreme Court upheld the constitutionality of section 3 of the Religious Land Use and Institutionalized Persons Act of 2000, In <u>Cutter</u>, the Supreme Court upheld § 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.S. § 2000cc-1(a)(1)-(2), recognizing that "there is room for play in the joints" between the Establishment and Free Exercise Clauses in the First Amendment and concluding that Section 3 of RLUIPA, cited <u>supra</u>, is constitutionally sound.  <u>Cutter v. Wilkinson</u> , __ U.S. ___, 125 S.Ct. 2113, 161 L.Ed.2d 1020, 1036,  2005 U.S. LEXIS 4346, at *18.   (2005).   <u>See</u> <u>Cutter v. Wilkinson</u>  attached as **Exhibit C**.  Specifically, Section 3 provides, in part, that "no state or local government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."
, in nonetheless stated that,  "prison security is a compelling state interest and that deference is due to institutional officials' expertise in this area.  Further, prison officials may appropriately question whether a prisoner's religiosity is authentic", as defendants do here.  <u>Id</u>. at *28.

While clarifying its opinion on section 3 of RLUIPA, the Supreme Court was emphatic with regard to prison officials' security concerns:  "We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety.  Our decisions indicate that an accommodation must be measured so that it does not override other significant interests."  <u>Cutter</u> at *23-24.

Where plaintiff seeks redress under RLUIPA and claims a sincere belief in the NGE faith and way of life, defendants are expressly permitted to challenge this assertion. Addressing the second factor in weighing whether or not a preliminary injunction should issue the Court must weigh: (2) the balance of hardships involved to both parties. As noted *supra*, defendants seek to question plaintiff's sincerity; only then do we reach the second question as to whether plaintiff is entitled to the sundry NGE publications. Where this is the crux of plaintiff's litigation, it would be more prudent for the Court to wait until the parties engaged in some level of discovery before issuing a preliminary or permanent injunction. "...the problems that arise in the day to day operations of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d. 447 (1979) citing Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 128, 97 S.Ct. 2532, 2539, 53 L.Ed.2d 629 (1977).

To take plaintiff's approach and go to an immediate hearing regarding whether or not these publications are religious in nature or raise any security issues in a prison context puts the cart before the horse. First, plaintiff must prove a sincere religious belief before an immediate hearing is appropriate regarding whether plaintiff can receive the NGE and Five Percenter materials he seeks or whether defendants have a bone fide prison security concerns with these publications entering their prison.

Looking at the third factor, the (3) public interest, defendants contend that it is in the public's interest that secure facilities such as SBCC which houses the Commonwealth's most dangerous individuals, remain in the hands of those with the expertise and experience to handle

them.  The management of a secure facility is an extremely difficult task.  It is in the public's

interest that qualified prison administrators be permitted to make decisions and establish

procedures which provide for the safety and security of staff and inmates and promote the

deterrence of criminal acts within the prison.  The public benefits in having prisons that are safe

and orderly and administered by experienced correctional professionals.

Addressing the fourth and final factor, the (4) likelihood of success on the merits, it is not

clear that plaintiff will prevail where the NGE/ Five Percenter faith, which is practiced in some

capacity in New York state prisons, Marria v. Broaddus, 2004 WL 1724984 (S.D.N.Y), is, by

contrast, while expressly acknowledged by the Court to be a religion, its practice in extremely

curtailed in South Carolina state prisons.  Long Term Administrative Segregation of Inmates v.

Moore, 174 F.3d 464, cert. denied, Mickel v. Moore, 528 U.S. 874, (1999).  Nor is there any

reference to this faith in the Federal Bureau of Prisons Handbook.  All this points to the fact that

it certainly cannot be adduced, at this early stage of the litigation where the parties have not

engaged in any discovery, that the plaintiff will be the prevailing party.

Finally, where a prerequisite to any form of equitable relief is the absence of an adequate

remedy at law, and plaintiff has an adequate remedy at law wherein his Verified Complaint seeks

both equitable and declaratory relief, a remedy at law exists.  Beacon Theatres, Inc. v. Westover,

359 U.S. 500 (1950).  In sum, at this early stage, plaintiff is not entitled to equitable relief where

defendants are substantially interfering with his right to practice his NGE faith and where

defendants have not been able to challenge plaintiff's sincerity of belief which is a prerequisite

before a First Amendment claim can proceed.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for injunctive relief be denied.

6

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated:  July 29, 2005                     /s/ Joan T. Kennedy
                                          Joan T. Kennedy, Counsel
                                          BBO#554935
                                          Legal Division
                                          Department of Correction
                                          70 Franklin Street, Suite #600
                                          Boston, MA 02110-1300
                                          Tel. (617) 727-3300, Ext. 160

## CERTIFICATE OF SERVICE

I, Joan T. Kennedy, counsel for the defendants hereby certify that on this day I served a copy of the foregoing document to plaintiff's counsel, Valierano Diviacchi, Esq., by electronic filing of same and via first class mail, postage prepaid, to him at:  Diviacchi Law Office, 59 Temple Place, Suite #507, Boston, MA 02111-1307.

Dated: July 29, 2005                      /s/ Joan T. Kennedy
                                          Joan T. Kennedy

7