UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SEAN ELLIS, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>KATHLEEN DENNEHY, )<br>LOIS RUSSO, )<br>THE COMMONWEALTH OF MASSACHUSETTS)<br>DEPARTMENT OF CORRECTION, )<br>)<br>      Defendants. )<br>) | District Court Docket No.<br>05-CV-11221-NG |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S CONDITIONAL MOTION FOR A HABEAS CORPUS PETITION FOR THE PLAINTIFF-INMATE TO TESTIFY AT THE OCTOBER 18, 2005 PRELIMINARY INJUNCTION HEARING AS TO THE SINCERITY OF HIS RELIGIOSU BELIEFS**

Defendants OPPOSE plaintiff's conditional motion for habeas corpus petition to attend and testify at the October 18, 2005 preliminary injunction hearing with regard to the sincerity of his religious beliefs for the following reason. Defendants incorporate by reference their prior argument made on July 29, 2005 in their first written opposition to plaintiff's request for a preliminary injunction

In defendants' July 29, 2005 opposition to plaintiff's motion for a preliminary injunction, defendants cited to <u>Cutter v. Wilkinson</u>, __ U.S. ___, 125 S.Ct. 2113, 161 L.Ed.2d 1020, 1036, 2005 U.S. LEXIS 4346, at *18 (2005), to support their opposition and request for the Court's permission to depose the inmate with regard to the sincerity of his religious beliefs. In

1

upholding section three of RLUIPA, the United States Supreme Court in Cutter nonetheless stated that, "prison security is a compelling state interest and that deference is due to institutional officials' expertise in this area.  Further, **prison officials may appropriately question whether a prisoner's religiosity is authentic,"** as defendants do here.  Id. at *28.  "We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety.  Our decisions indicate that an accommodation must be measured so that it does not override other significant interests."  Cutter at *23-24.

Where plaintiff seeks redress under RLUIPA and claims a sincere belief in the NGE faith and way of life, Cutter grants defendants the right to challenge his assertion of sincerity.  Further, in defendants' July 29, 2005 opposition, defendants went so far as to attach a full copy of the Cutter opinion, for the Court's perusal, along with a proposed Order for the Court to grant defendants the right to depose the plaintiff-inmate with regard to the sincerity of his religious belief.

No ruling or response was made by the Court on defendants' July 29, 2005 opposition.

Thus, to allow plaintiff to testify about the sincerity of his religious beliefs without permitting defendants' counsel permission to depose him prior to the preliminary injunction hearing would amount to trial by ambush.  Further, it would utterly vitiate defendants' rights to fundamental due process, which, at a minimum, requires two components:  (1) notice; and, (2) an opportunity to be heard.

At present, the parties have not engaged in discovery, nor has a scheduling conference been held in this civil action.  Notably, plaintiff's civil action seeks only declaratory and equitable relief.  Simply stated, were the Court inclined to grant plaintiff's preliminary injunction, precious little would remain in this case, save plaintiffs' request for a kosher diet and

for unknown NGE members to meet regularly as a group at the Souza Baranowski Correctional Center prison.

Thus, where the defendants have placed the plaintiff and the Court on notice since July 29, 2005 that defendants dispute whether the plaintiff's request for the sundry publications, from the Allah Youth Center in Mecca, is based upon a sincere religious belief, sincerity testimony from the plaintiff cannot be taken the preliminary injunction hearing.   Notably, the plaintiff claims to have a sincere interest and belief in the faith of the Nation of Gods and Earths ("NGE") and been an NGE member since August of 1999.  <u>Verified Complaint</u>, ¶¶ 28-30, 35.  <u>Motion for Preliminary Injunction</u>[1], third paragraph at page 5.  If plaintiff' has been a purported member of the NGE faith/way of life since August, 1999, then it should an elemental endeavor for him to answer some questions at a deposition with attorney Diviacchi present, about the breadth of knowledge of his NGE faith and his sincerity of belief in it.

Further, plaintiff's own expert, Ted Swedenburg, has attested that plaintiff can practice his NGE faith by reading the Qu'ran and Bible for relevant lessons and teachings that are part of the NGE practice.  See <u>Ted Swedenburg Affidavit</u> at ¶¶ 12, 24, <u>Plaintiff's Verified Complaint</u>. Both texts, the Qu'ran and Bible, are readily available to Sean Ellis at SBCC, which he can easily request, from the Protestant Chaplain and the Muslim Chaplain/Imam.  Ironically, plaintiff's Swedenburg's affidavit works in defendants' favor where plaintiff has some means by which he can practice his NGE faith.  Thus, the Swedenburg affidavits curtails the need for the Court to take the extraordinary step of issuing a preliminary injunction at this early stage where plaintiff's sincerity of belief is in dispute and has not been tested through discovery.

---

[1] Plaintiff's Motion for a Preliminary Injunction contains unnumbered paragraphs.

WHEREFORE: Defendants reiterate their opposition and objection, first stated on July 29, 2005, to plaintiff's attempt to testify as to the sincerity of his religious beliefs at the preliminary injunction hearing set for October 18, 2005. Defendants express no further opinion about the propriety of bringing plaintiff to Court via writ of habeas corpus. Court security is a matter better left to the Court and the U.S. Marshals discretion.

        Respectfully submitted,

        NANCY ANKERS WHITE
        Special Assistant Attorney General

Dated: October 3, 2005        /s/ Joan T. Kennedy
        Joan T. Kennedy, Counsel
        BBO#554935
        Legal Division
        Department of Correction
        70 Franklin Street, Suite #600
        Boston, MA 02110-1300
        Tel. (617) 727-3300, Ext. 160

CERTIFICATE OF SERVICE

I, Joan T. Kennedy, counsel for the defendants hereby certify that on this day I served a copy of the foregoing document to plaintiff's counsel, Valierano Diviacchi, Esq., by electronic filing of same.

Dated: October 3, 2005        /s/ Joan T. Kennedy
        Joan T. Kennedy