UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SEAN ELLIS,                               )<br>                                           )<br>        Plaintiff                         )<br>                                           )<br>v.                                         )<br>                                           )<br>KATHLEEN DENNEHY,                          )<br>LOIS RUSSO,                                )<br>THE COMMONWEALTH OF MASSACHUSETTS)<br>DEPARTMENT OF CORRECTION,                  )<br>                                           )<br>        Defendants.                        )<br>                                           ) | District Court Docket No.<br>05-CV-11221-NG |

**DEFENDANTS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 19, 2005 ORDER**

On October 18, 2005, at approximately 10 AM, the parties were before the Court for argument regarding plaintiff's July 5, 2005 motion for a preliminary injunction ("PI") and defendants' July 29, 2005 opposition to same.  See Ellis v. Dennehy, et. al., USDC2005-11221, Pleadings 10-11 & 15-16, respectively.

Plaintiff's preliminary injunction stated that he had a sincere belief in the Nation of Gods and Earths ("NGE") and needed to have access to sundry NGE publications including the 120 Degrees, the Supreme Alphabet, the Supreme Mathematics and the monthly newspaper entitled The Five Percenter.[1]  In opposing, defendants noted that plaintiff's own religious expert, Edward Swedenberg, in plaintiff's PI, **Exhibit A**, ¶¶ 12, 24, has attested to the fact that the Bible and

---

[1] Plaintiff's motion for a preliminary injunction was not supported by an affidavit attesting to the fact that he had a sincerely held belief in the NGE religion, which, alone, was grounds for denial of the extraordinary relief that a preliminary or permanent injunction would grant.

Qu'ran were also used by NGE practitioners as part of their religious practice. Defendants thus argued that plaintiff did have access to the Bible and Qu'ran while in Department of Correction custody at the Souza Baranowski Correction Center ("SBCC"), *ergo* he had some publications to assist him in practicing his faith, albeit not all that he sought in his Verified Complaint.[2]

Initially, the Court was inclined to grant the plaintiff thirty (30) days in which to file an affidavit in which he would detail his sincerely-held religious belief and the same amount of time, thirty (30) days[3], for defendants to file one or more opposing affidavits and the parties to thereafter convene before the Court on December 20, 2000 at 2:30 PM. On that date, an evidentiary hearing would be held with plaintiff before the Court via a habeas corpus petition as the Order of October 19, 2005 reflects.

However, after further argument from defendants' counsel requesting the right under the recent United States Supreme Court case of Cutter v. Wilkinson, __ U.S. ___, 125 S.Ct. 2113, 161 L.Ed.2d 1020, 1036, 2005 U.S. LEXIS 4346, at *18 (2005)[4] to depose the plaintiff with regard to his sincerity of belief before being present at an evidentiary hearing, the Court agreed with defendants' counsel's argument.[5]

Pointedly, defendants' counsel had strenuously argued that plaintiff's civil action seeks only equitable relief along with attorney's fees for plaintiff's counsel, Valeriano Diviacchi, should he be deemed a prevailing party. Notably, except for two claims for NGE group worship and a kosher diet, plaintiff's preliminary injunction seeks 80% of what is sought in the Verified

---

[2] The fact that plaintiff can access the Bible and Qu'ran at SBCC remains unrefuted.
[3] Actually, the Court initially stated that it would grant defendants' counsel ten (10) days to proffer countervailing affidavits, to which defendants' counsel objected, at which point the Court granted 30 days to each side.
[4] A complete copy of the Cutter opinion was attached to defendants' July 29, 2005 Opposition as **Exhibit C.**
[5] In fairness, the Court did express some concern about whether this would set a precedent where a deposition would be conducted before a preliminary injunction evidentiary hearing held.

Complaint, ¶¶28-40, a point which plaintiff's counsel agreed was true at the parties' October 18, 2005 hearing. Thus, to go to an evidentiary hearing <u>without</u> defendants being granted the right to depose the plaintiff about the sincerity of his religious belief would be tantamount to entering final judgment as to most claims in the civil action. Where defendants have been on record since July 29, 2005 seeking authority under <u>Cutter</u>, *supra*, to depose the plaintiff and where plaintiff has the burden of proving that his belief is sincerely held[6] <u>before he has the right to invoke the injunctive powers of the Court</u>, a deposition regarding sincerity of his religious beliefs was and is warranted.

Indeed, the Court then inquired as to how to facilitate defendants' request for the right to depose the plaintiff before the December 20, 2005 evidentiary hearing. In response, defendants' counsel asked that the Court endorse the proposed <u>Order</u> permitting defendants to depose the plaintiff, Sean Ellis. Notably, a proposed <u>Order</u> was attached as **Exhibit B** to defendants' July 29, 2005 <u>Opposition</u>.[7] Thus, defendants' counsel left the Court expecting to receive an endorsed Order permitting plaintiff, an incarcerated inmates, to be deposed in a timely manner before the December 20, 2005 hearing. The October 19, 2005 receipt of the Court's electronic <u>Order</u> which allowed affidavits but no deposition impelled this emergency motion.

Also at the hearing, the Court inquired from the parties as to the likelihood of settlement especially where the relief sought is equitable in nature asking is there any place at the SBCC prison where the plaintiff could be permitted access to the (4) publications at issue.[8] The parties

---

[6] Plaintiff claims to be an NGE practitioner since August 1999. <u>Verified Complaint</u>, ¶¶ 28-30.
[7] A deposition of an incarcerated person can only be taken with leave of Court. Fed. R. Civ. P. 30(a)(2).
[8] Actually, defendants' counsel made an attempt at levity regarding this where plaintiff's counsel in another NGE case, entitled <u>Azuzallah Shaheed Muhammad v. DiPaolo, et.al.</u> U.S.D.C.99-11842 also before the Court (Gertner, J.), attorney Douglas Salvesen, was attending the October

3

agreed to make best efforts to reach some accord to lessen the accumulation of attorney's fees and perhaps avoid the need for the December 20, 2005 evidentiary hearing.[9]

WHEREFORE: Defendants respectfully request that the Court clarify or revise its October 19, 2005 Order and endorse the Order to permit defendants' counsel to depose the plaintiff before the December 20, 2005 evidentiary hearing.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: October 19, 2005    /s/ Joan T. Kennedy
Joan T. Kennedy, Counsel
BBO#554935
Legal Division
Department of Correction
70 Franklin Street, Suite #600
Boston, MA 02110-1300
Tel. (617) 727-3300, Ext. 160

CERTIFICATE OF SERVICE

I, Joan T. Kennedy, counsel for the defendants hereby certify that on this day I served a copy of the foregoing document to plaintiff's counsel, Valierano Diviacchi, Esq., by electronic filing of same to him at: Diviacchi Law Office, 59 Temple Place, Suite #507, Boston, MA 02111-1307.

Dated: October 19, 2005    /s/ Joan T. Kennedy
Joan T. Kennedy

---

18, 2005 Ellis hearing as an observer. Thus, in open court, defendants' counsel asked Mr. Salvesen to "cover his ears."

[9] If required, defendants' counsel will file an affidavit attesting to her recollection of the October 18, 2005 hearing but hopes that this recitation of facts and details will rekindle the Court's memory of the proceeding. Hence the further need for this expedited filing.

4